USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
BOUCHARA HALWANI, as Administrator of
the Estate of Lara Halwani, and BOUCHARA
HALWANI, Individually,

                          Plaintiffs,         23-CV-0800(VEC)

        -against-                      ORDER

BRIGHTSIDE HEALTH, INC., BRIGHTSIDE
MEDICAL, P.C., BETH TAFURI, LCSW, and
LISSA GOLDSTEIN, M.D.,

                          Defendants.
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on October 14, 2022, Plaintiffs, residents of Rockland County, New York, filed a Complaint in the Supreme Court of the State of New York, New York County, alleging medical malpractice and wrongful death, *see* Verified Compl., Dkt. 1-1;

       WHEREAS on January 31, 2023, Defendants properly removed the case to this Court pursuant to 28 U.S.C. § 1441, *see* Pet., Dkt. 1; *see also* Op. & Order, Dkt. 20 (denying Plaintiffs' motion to remand because Defendants demonstrated that the requirements for diversity were met);

       WHEREAS pursuant to the Court's April 27, 2023 Order, Plaintiffs were ordered to show cause by May 5, 2023, why this case should not be transferred to the Eastern District of New York, *see* Op. & Order at 9;

WHEREAS a district court has the discretion to transfer any case to another federal district in which the action could have been brought, 28 U.S.C. § 1404(a); *see also id.* § 1406(a); *Smith v. Ouimet*, 2016 WL 3020825, at *2 (May 19, 2016);[1]

WHEREAS in deciding whether to transfer a case, courts consider (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents; (4) the convenience of parties; (5) the locus of operative facts; (6) the availability of process to compel the attendance of unwilling witnesses; and (7) the relative means of the parties, *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010);

WHEREAS Plaintiffs reside in Richmond County, which falls within the Eastern District of New York, *see* 28 U.S.C. § 112; Defendants are domiciled outside of New York, *see* Op. & Order at 7, Dkt. 20; and the locus of operative facts is likely in Richmond County;

WHEREAS to date, Plaintiffs have not responded to the Court's Order that would otherwise indicate their preferred choice of forum; and

WHEREAS "the especially close proximity of the Eastern and Southern Districts of New York" render most of the other factors "neutral," *see Ouimet*, 2016 WL 3020825 at *3.

IT IS HEREBY ORDERED that this case is TRANSFERRED to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). The Clerk of Court is respectfully directed to transfer this case to the Eastern District of New York pursuant to S.D.N.Y. Local Rule 83.1.

---

[1] When the district court initiating the transfer is not the proper venue of the action, § 1406 governs, and a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Wohlbach v. Ziady*, 2018 WL 3611928, at *3 (S.D.N.Y. July 27, 2018) (citing 28 U.S.C. § 1406(a)). Because venue for removed cases is governed by the removal statute, and removal to the Southern District of New York was proper because the Southern District of New York is the district court "embracing the place where [the removable state] action is pending," *see Ouimet*, 2016 WL 3020825 at *2 (citing 28 U.S.C. § 1441(a)), it is within the Court's discretion to transfer pursuant to § 1404(a).

**SO ORDERED.**

Date:  May 10, 2023
       New York, New York

                                        **VALERIE CAPRONI**
                                        **United States District Judge**

3